IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OLIVER SNEED, JR., | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:13-CV-0790-WSD-JSA |
| MS. DREW, | : | |
|    Respondent. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Oliver Sneed, Jr., an inmate at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the constitutionality of his sentence. [Doc. 1]. His petition is currently before the Court for initial consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] The undersigned recommends that the petition be summarily dismissed for the reasons discussed below.

---

[1] Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

## I. Background

Petitioner indicates in his petition that he was convicted in the United States District Court for the Eastern District of Virginia on November 23, 2008, of conspiracy to distribute and possession with the intent to distribute controlled substances and was sentenced to 121 months of imprisonment.  Petitioner argues in his petition that the Government failed to honor a promised sentence reduction based on his cooperation.  Petitioner attaches an affidavit from his counsel in his criminal proceedings indicating that, based on Petitioner's earlier cooperation, counsel felt there was a possibility that Petitioner could receive a sentence modification after his sentencing under Federal Rule of Criminal Procedure 35.  Petitioner's counsel further indicates in the affidavit that Petitioner's plea agreement states that it is the Government's option to seek a sentence modification at some time in the future and that he has contacted the Government's attorney, but has not received a response.

## II. Discussion

"Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255." *Lancaster v. Warden, FCC Coleman-Medium*, 433 F. App'x 783, 784 (11th Cir. 2011) (citing *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003)).  Actions brought under 28 U.S.C. § 2241 are mostly limited to

2

challenges to either federal confinement that is not pursuant to a sentence of a federal court or the unlawful execution of a valid sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).

"Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, . . . 'unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of the detention.'" *Marshall v. United States*, No. 12-13841, 2013 WL 1235549, at *1 (11th Cir. March 28, 2013) (quoting 28 U.S.C. § 2255(e)); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n. 1 (11th Cir. 2008) ("[A] § 2255(e) motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so.").

Put simply, § 2255(e), commonly referred to as the "savings clause," "does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011). "If a petitioner files a § 2255 motion and it is denied, he may not circumvent the restriction on second or successive § 2255 motions simply by filing a petition under § 2241." *Marshall*, 2013 WL 1235549, at *1 (citing *Antonelli*, 542 F.3d at 1351). "It is the petitioner's burden to

3

establish the inadequacy or ineffectiveness of the § 2255 remedy." *Id.* (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)).

Here, it appears that Petitioner filed a § 2255 motion, and it was denied by the sentencing court. *See Sneed v. United States*, Civil No. 3:09-CV-297-REP, Criminal No. 3:08-CR-296-REP-2 (E.D. Va.). Petitioner makes no argument to demonstrate that the remedy under § 2255 is ineffective or inadequate with respect to his sentencing claims in this petition. Accordingly, Petitioner cannot challenge his current federal sentence by way of a § 2241 petition.

### III. Conclusion

Based on the foregoing, **IT IS RECOMMMENDED** that the instant petition be **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because a federal prisoner does not require a certificate of appealability ("COA") to appeal the denial of a § 2241 petition, *see Sawyer,* 326 F.3d at 1364 n.3, the undersigned offers no COA recommendation in this matter under Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS ORDERED** that Petitioner's request to proceed *in forma pauperis* [Doc. 2] be **GRANTED** for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED AND ORDERED** this 15th day of April, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE