**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**OLIVER SNEED, JR.,**

                **Petitioner,**

      **v.**                                     **1:13-cv-790-WSD**

**MS. DREW,**

                **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] ("R&R").

## I.      BACKGROUND

On March 11, 2013, Petitioner Oliver Sneed, Jr. ("Petitioner"), an inmate at the United States Penitentiary in Atlanta proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges his sentence imposed by the United States District Court for the Eastern District of Virginia.  He alleges that the United States Attorney's office failed to honor its promise to seek a reduction of his sentence under Rule 35 of the Federal Rules of Criminal Procedure.

On April 15, 2013, Magistrate Judge Anand issued his R&R after reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases.  Judge Anand first noted that habeas actions under § 2241 are generally limited to cases where the petitioner challenges either federal confinement that is not pursuant to a sentence of a federal court or the unlawful execution of a valid sentence.  (R&R [3] at 3 (citing Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991)).)  Judge Anand further noted that federal prisoners are otherwise required to bring habeas petitions under 28 U.S.C. § 2255, unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of the detention."  (Id. (quoting Marshall v. United States, 514 F. App'x 936, 937 (11th Cir. 2013)).)  Judge Anand found that, in this case, Petitioner failed to show, or even argue, that § 2255 relief is "inadequate or ineffective."[1]  Judge Anand thus recommends that this action be dismissed.

On May 31, 2013, after being granted an extension of time, Petitioner filed his objections [7] to the R&R.  The objections are largely incomprehensible but appear to assert, for the first time, that Petitioner's previous § 2255 petition was "inadequate or ineffective."

---

[1] Judge Anand noted that Petitioner already has sought, and been denied, § 2255 relief in his sentencing court.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.    Analysis

Petitioner does not object to Judge Anand's finding that this action may proceed under 28 U.S.C. § 2241 only if Petitioner demonstrates that a motion under 28 U.S.C. § 2255 is "inadequate or ineffective."  The Court does not find any error in this finding.  See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.") Accordingly, the Court adopts the finding.

Petitioner objects that his previous § 2255 motion was "inadequate or ineffective." The Court does not consider this objection because, in reviewing a magistrate judge's report and recommendation, the Court does not consider objections based on arguments not raised before the magistrate judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Even if the Court allowed the objection, it would be overruled because Petitioner's conclusory assertion that his prior § 2255 motion was "inadequate or ineffective" does not satisfy Petitioner's burden to show why § 2255 relief is not adequate to afford Petitioner his requested relief. See United States v. Bell, 447 F. App'x 116, 118 (11th Cir. 2011) (explaining that the modification of a sentence can be achieved "if at all, only under Rule 35 or under 28 U.S.C. § 2255").

Rule 4 of the Rules Governing Section 2254 Cases provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

to notify the petitioner."  28 U.S.C. § 2254 app. R. 4.[2]  Judge Anand concluded that Rule 4 requires dismissal of this case because the Petitioner is not entitled to habeas corpus relief in this Court.  Having reviewed the petition and Petitioner's objections, the Court agrees with Judge Anand and finds that this case is required to be dismissed.

**III.    CONCLUSION**

      Accordingly, for the foregoing reasons,

      **IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] is **ADOPTED**.  This action is **DISMISSED**.

      **SO ORDERED** this 11th day of October, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Rule 1 provides that "[t]he district court may apply any or all of these rules [governing § 2254 cases] to a habeas corpus case not covered by [§ 2254]."  28 U.S.C. § 2254 app. R. 1(b).  The Court concludes that Rule 4 appropriately applies to this case.